844

CIRCUS FOODS, INC., a corporation,
Plaintiff,

v.

Robert C. WATSON, U. S. Commissioner
of Patents, Defendant.

Civ. No. 4099–56.

United States District Court
District of Columbia.

Dec. 10, 1958.

See also 102 U.S.App.D.C. 178, 251
F.2d 889.

Henry Gifford Hardy, San Francisco, Cal., William E. Rollow, Whiteford, Hart, Carmody & Wilson, Washington, D. C., for plaintiff.

Clarence W. Moore, Solicitor, U. S. Patent Office, Washington, D. C., George C. Roeming, Washington, D. C., of Counsel, for defendant.

JOSEPH R. JACKSON, Acting District Judge.

■ This present application, if it hadn't been for the opposition lodged against it, plaintiff would have its registration; is that so?

Mr. Roeming: Yes, your Honor.

The Court: All right.

Therefore, we will say the Patent Office was satisfied that it had a trademark which warranted registration.

Well, people come in and oppose it. The opposition was disposed of by reason of the purchasing of these trademarks from people who opposed this registration.

Now, the reasons for the Assistant Commissioner refusing registration *ex parte* were two.

(1) it has alleged false dates of first use on unshelled nuts and shelled salted nuts, and

(2) since it has not yet engaged in the business of manufacturing or selling candy, peanut butter, peanut oil and popcorn and has therefore not made bona fide use of the mark to identify these products and distinguish them from those of others, its representations in its application of use on such products are not supported by the facts.

Now, with respect to the first ground I have already stated that in my opinion it is erroneous; that the plaintiff here has, by all of the evidence, a very coherent story of the growth of the business, shown that it has used the mark with all of its dominating characteristics since the date of first use alleged in the applications.

With respect to the sales, I can see nothing at all in the argument of counsel

for the government that would even squint at a notion that they were considering all the circumstances, not made in good faith, and in the ordinary course of business; particularly having in mind the fact that the order for the goods was for a minimum quantity which is one hundred pounds.

With respect to the use, under all the circumstances of this case one can see from the very application itself what the intention of this infant industry was. They have to start somewhere. They did. And they have continued to expand the type of products that at first they bought and packaged and now, for the most part, it appears to the Court, they process and make themselves.

The mark sought to be registered was entitled to registration, despite the holding of the Commissioner that it was not, and, therefore, the Court finds for the plaintiff and against the defendant and authorizes the Commissioner of Patents to register the mark as prayed for by the plaintiff.

Findings of Fact
and
Conclusions of Law.

This cause having come on to be tried upon the merits, and upon the conclusion of all of the evidence submitted by the respective parties hereto, and upon submission thereof to the Court, the Court now makes the following findings of fact and conclusions of law:

Findings of Fact

(1) Plaintiff is a California corporation with its principal place of business at 100—15th Street, in the City and County of San Francisco, and State of California.

(2) Defendant, Robert C. Watson, is the Commissioner of Patents and in his official capacity is a resident of the District of Columbia.

(3) Plaintiff is and has been since its founding engaged in the business of process and/or selling its products, shelled and unshelled salted nuts, candy, peanut butter, peanut oil, popcorn and potato chips, to wholesalers throughout the United States and in various parts of the world, but particularly in the eleven Western states and the States of Texas and Oklahoma.

(4) Commencing on August 18, 1945, plaintiff adopted its trademark consisting of the word "Circus" and a baby elephant jumping through a paper hoop and used said mark on its goods sold in interstate commerce, said goods being shelled and unshelled salted nuts, candy, peanut butter, peanut oil for food purposes, canned raw and popped popcorn and potato chips.

(5) Said trademark here in issue is an arbitrary mark with the word "CIRCUS" as a dominant feature.

(6) The dominant features of said trademark have been used continuously by plaintiff on each and all of its said products in interstate commerce in the regular course of business from August 18, 1945 to the present time.

(7) The cartouche background against which plaintiff has displayed its said trademark commencing on or about November 28, 1945, has been continuously used from such date up to the present time.

(8) On February 24, 1951 plaintiff filed its application for registration of its said trademark, the same being given serial number 610,491 and all of the goods named therein were sold in interstate commerce with said trademark prior to said filing date.

(9) That said application for registration was duly examined by the Patent Office and published by it in the Official Gazette July 15, 1952, and would have issued except for the opposition of the Frank Herfort Canning Company of Baraboo, Wisconsin.

(10) The opposition of the Frank Herfort Canning Company to plaintiff's application for registration, Serial No. 610,-491, was based upon ownership of registration No. 92,795, even though the Frank Herfort Canning Company had previously sold to plaintiff registration No. 424,245 covering the identical Her-

846

fort mark on all products sold or processed by plaintiff, with the exception of candy and popcorn, the said Opposition being No. 31,759. The opposition was dismissed and affirmed on an appeal to the Commissioner, but no appeal was taken by the Frank Herfort Canning Company from the adverse holding of the Commissioner which is now final.

(11) Plaintiff *has* used the trademark of Registration No. 424,245 referred to in its said application, on each and all of the goods named therein pursuant to *bona fide* sales made in the regular course of business in interstate commerce, continuously since it acquired the assignment of said registration.

(12) Plaintiff has used the trademarks of each of its Registrations, Nos. 260,343 and 360,756, referred to in its said application, on each and all of its products, nuts, candy, peanut butter, peanut oil, popcorn and potato chips, pursuant to *bona fide* sales made in the regular course of business in interstate commerce, continuously since it acquired the assignment of each of said registrations.

(13) In the years that followed the start of plaintiff as an infant business in June of 1945, the business has grown to the extent that now more than sixty million packages annually are distributed bearing plaintiff's trademark as shown in its application Serial No. 610,-491. More than Two Million Dollars have been spent on advertising and plaintiff's volume of business has not only expanded, but its line of products has been constantly expanding in the normal course of its business.

(14) Plaintiff has a substantial business and enjoys a substantial good will symbolized by its trademark presented for registration in application Serial No. 610,491.

(15) The first sale made in interstate commerce on August 18, 1945, and relied upon by plaintiff in its said application, Serial No. 610,491, in response to a written purchase order, was a *bona fide* sale in the ordinary course of business, considering all of the circumstances of plaintiff's business.

(16) Plaintiff, Circus Foods, Inc., has continuously sold or processed and sold each and all of the products named in its application for trademark registration, Serial No. 610,491 using the trademark covered therein with all its dominating characteristics beginning August 18, 1945, down to the present time.

(17) Sales to wholesalers in the ordinary course of plaintiff's business are made at sporadic intervals varying from weekly to yearly.

(18) Each of the requirements for registration of plaintiff's trademark has been fulfilled and is embodied in its application Serial No. 610,491.

Conclusions of Law

(1) This Court has jurisdiction of the parties hereto and the subject matter hereof under the provision of Title 35 U.S.C. § 145 and Title 15 U.S.C.A. § 1051.

(2) This proceeding is a civil action requiring a trial *de novo,* and is not a technical appeal from the decision of the Commissioner of Patents.

(3) In filing its application for registration of its trademark, Serial No. 610,-491, on February 24, 1951, plaintiff fully and satisfactorily complied with all of the requirements of the statutes and the trademark rules of the Patent Office, entitling it to registration of its trademark.

(4) The conclusion of the Patent Office that plaintiff's trademark, when used on plaintiff's goods is not confusingly similar to any registered mark, is hereby confirmed.

(5) Plaintiff is entitled to register its trademark as used on products which it obtains and sells as well as on products which it processes and sells.

(6) Plaintiff acquired its trademark rights, started in its application for registration No. 610,491 when it first used the trademark covered therein with all its dominating characteristics on the goods specified therein August 18, 1945, by actual *bona fide* sales in the usual course of business, with the intention of con-

tinuing the use of this trademark on such products.

(7) Plaintiff has at no time since it first started to sell its goods in interstate commerce with its trademark thereon, made any sale other than a *bona fide* sale in the regular course of business, regardless of size of the transaction.

(8) The language in opposition proceeding, No. 31,759, Frank Herfort Canning Co., Inc., v. Circus Foods, Inc., regarding an alleged conspiracy in the acquisition of trademark Registration No. 424,425 is irrelevant to the right to register Application No. 610,491, here in issue, inasmuch as the Patent Office did not base its refusal to register the instant application on such ground.

(9) Plaintiff is entitled to a judgment authorizing the Commissioner to issue the registration on plaintiff's application No. 610,491, compliance with the requirements of law having been made heretofore.